ZIEVE BRODNAX & STEELE, LLP
Scott D. Crawford, OSB # 086448
6100 219th St SW, Ste 480
Mountlake Terrace, WA 98043
P:(206) 866-5345
F: (206) 374-2252
scrawford@zbslaw.com
Counsel for Defendants Zieve
Brodnax & Steele, LLP and
Benjamin Petiprin

# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

| | |
|---|---|
| Susan Swango,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Nationstar Sub1 LLC; Nationstar Mortgage Holdings, Inc.; Nationstar Mortgage LLC d/b/a Champion Mortgage Company; Metlife Home Loans, LLC; Metlife Bank, National Association; Zieve Brodnax & Steele, LLP; and Benjamin Petiprin,<br><br>　　　　　Defendants. | Case No. 3:17-cv-01338-MO<br><br>**DEFENDANTS ZIEVE BRODNAX AND STEELE, LLP AND BENJAMIN PETIPRIN'S REPLY TO PLAINTIFF'S RESPONSE TO MOTION TO DISMISS** |

COME NOW Defendants Zieve Brodnax and Steele, LLP and Benjamin Petiprin ("Defendants"), through their counsel Scott Crawford, who submit the following Reply to Plaintiff's Response to Defendants' Motion to Dismiss.

//

//

//

**REPLY - 1**

Zieve Brodnax & Steele, LLP
Scott D Crawford, OSB # 086448
6100 219th St. SW, Suite 480
Mountlake Terrace, WA 98043
P:(206) 866-5345  F: (206) 374-2252
scrawford@zbslaw.com

**MEMORANDUM IN SUPPORT OF REPLY**

**I. Plaintiff offers no argument as to why this this case should not be dismissed as moot, and her evidentiary arguments are without merit.**

Plaintiff offers no argument or legal authority as to why this case should not be dismissed as moot. Rather, her arguments relate to the sufficiency of the declaration executed by Scott Crawford in support of Defendants' Motion to Dismiss ("the Crawford Declaration."). Pls.' Resp. to Mtn. to Dism. 1 - 3. For the reasons discussed below, neither of these arguments is availing.

**A. Plaintiff's characterization of the Crawford Declaration as premature is misplaced because courts may consider evidence when evaluating a mootness claim.**

Plaintiff states that this Court should not consider the Crawford Declaration because offering a declaration in support of a Motion to Dismiss based on FRCP 12(b)(3) or (6) is tantamount to a Motion for Summary Judgment, which would be improper before discovery has concluded. *Id*. Plaintiff's argument is unavailing because a mootness claim is not made under FRCP 12(b)(3), which governs improper venue, or 12(b)(6), which governs failure to state a claim. FRCP12(b)(3), (6). Rather, a motion to dismiss a case as moot is appropriately raised under FRCP 12(b)(1), which governs subject matter jurisdiction. *Gemtel Recovery Corp v. Community Redevelopment Agency of the City of Los Angeles*, 23 F.3d 1542, 1544 (9th Cir. 1994). The party seeking to assert subject matter jurisdiction has the burden of proving that subject matter jurisdiction exists. *Stock West v. Confederated Tribes*, 873 F.2d 1221, 1125 (9th Cir. 1989). When considering whether such subject matter jurisdiction exists, a court may consider evidence and resolve factual disputes when necessary; the existence of disputed facts does not preclude the court from making an independent inquiry. *Kingman Reef Atoll Invs. v United States*, 541 F.3d 1189, 1195 (9th Cir 2008). Further, the District of Oregon routinely considers declarations offered in support of a Motion to Dismiss when evaluating mootness

REPLY - 2

Zieve Brodnax & Steele, LLP
Scott D Crawford, OSB # 086448
6100 219th St. SW, Suite 480
Mountlake Terrace, WA 98043
P:(206) 866-5345  F: (206) 374-2252
scrawford@zbslaw.com

claims. In *Vettrus v. Bank of America*, for example, the District of Oregon relied upon declarations outside of the pleadings when evaluating the merits of a mootness claim. No. 6:12–cv–00074–AA, 2012 WL 5462914, at *4 (D. Or. Nov. 6, 2012).

In the present matter, Defendants have asserted that Plaintiff's Complaint should be dismissed on two bases: (1) that Plaintiff's claims are moot because the sale has been rescinded, and (2) that she fails to state a claim as to her FDCPA, RICO, or civil conspiracy claims. Defs.' Mtn. to Dism. 4. The Crawford Declaration, which offers facts related to a Rescission of Notice of Default, relates to the mootness claim. Crawford Decl. Ex. 1. Under *Gemtel*, mootness relates to subject jurisdiction under FRCP 12(b)(1). As a result, Plaintiff's characterization of a mootness claim as being brought under FRCP 12(b)(3) or 12(b)(6) is improper. Pursuant to *Gemtel*, courts may consider evidence when evaluating a Motion to Dismiss on mootness grounds under 12(b)(1). As a result, Plaintiff's assertion that this Court may not consider evidence when evaluating a mootness claim is misplaced, and this Court may rely on the Crawford Declaration and the exhibit attached thereto as it relied on the declaration in *Vettrus*.

**B. Plaintiff's attempt to invalidate the Crawford Declaration fails because the Rescission of Notice of Default attached to that Declaration as Exhibit 1 is self-authenticating.**

Plaintiff asserts that the Crawford Declaration is invalid because the declarant does not authenticate the Notice of Rescission discussed in that document. Ptfs.' Resp. to Mtn. to Dism. 1 - 2. However, under FRCP 902 a document accompanied by a certificate of acknowledgment that is lawfully executed by a notary public or another officer who is authorized to take acknowledgments requires to extrinsic evidence to authenticate. FRCP 902(8). Defendant also attempts to invalidate the Crawford Declaration by citing to a state statute that defines an acknowledgement; however, a declaration may have the same force of an affidavit it contains the

REPLY - 3

Zieve Brodnax & Steele, LLP
Scott D Crawford, OSB # 086448
6100 219th St. SW, Suite 480
Mountlake Terrace, WA 98043
P:(206) 866-5345  F: (206) 374-2252
scrawford@zbslaw.com

language "I declare (or certify, verify, or state) under penalty of perjury under the laws of the United States of America that the foregoing is true and correct." 28 U.S.C. § 1746(1).

In the present matter, Plaintiff argues that the declarant is required to authenticate the Notice of Rescission attached to that declaration as Exhibit 1.  Ptfs.' Resp. to Mtn. to Dism. 1 - 2.  However, the Notice of Rescission bears a notarial seal.  Crawford Declaration Ex. 1.  As a result it is a self-authenticating document under FRCP 902, and there is no requirement for a declarant to authenticate a self-authenticating document.  Plaintiff also attempts to invalidate the Notice of Rescission by stating that Amy Harrington lacked authority to rescind the Notice of Default and Election to Sell.  *Id*. at 3.  However, Amy Harrington was appointed successor trustee on June 7, 2017.  Harrington Decl Ex. 3.  As successor trustee, Ms. Harrington had the requisite authority to rescind the sale under ORS § 86.713(3).  As a result, Plaintiff's claims are moot and this should be dismissed for lack of subject matter jurisdiction.

**II. Plaintiff still fails to state a claim because she either fails to offer argument as to why her claims should survive, or fails to plead them with the specificity required by FRCP 9.**

In the event that this Court finds that Plaintiff's claims are not moot, Plaintiff has failed to state a claim as to any of her FDCPA, RICO, or civil conspiracy claims.  Defendants address each of the allegations in turn.

**A. Plaintiff has failed to offer any authority or argument as to why her FDCPA claim should not be dismissed, and thus her FDCPA claim should be taken as conceded.**

Plaintiff fails to offer any argument as to why her FDCPA claim should survive a motion to dismiss.  As a result, Plaintiff's FDCPA claims should be taken as conceded and dismissed.

**B. Plaintiff still does not plead her RICO claim with the specificity required under FRCP 9.**

In their Motion to Dismiss, Defendants stated that common law fraud is not a predicate act under RICO, and thus a RICO claim cannot be maintained on that basis.  Defs.' Mtn. to

REPLY - 4

Zieve Brodnax & Steele, LLP
Scott D Crawford, OSB # 086448
6100 219th St. SW, Suite 480
Mountlake Terrace, WA 98043
P:(206) 866-5345  F: (206) 374-2252
scrawford@zbslaw.com

Dism. 7. Plaintiff does not offer any argument on this point; as a result, this Court should take it as conceded that Plaintiff's attempt to plead common law fraud as a predicate act is improper and cannot form the basis for a RICO claim.

As to the mail fraud claims, Plaintiff still fails to address her failure to meet the FRCP 9 pleading standards Defendants discussed in their original Motion to Dismiss. *Murr Plumbing v. Scherer*, which Plaintiff relies on, states that one must demonstrate (1) a plan or scheme to defraud, (2) intent to defraud, (3) reasonable foreseeability that mail or wires will be used, and (4) actual use of mail or wires. 48 F.3d 1066, 407 (8th Cir. 1995). However, that same case states that mail and wire fraud claims plead as predicate acts for a RICO claim must be plead with the specificity required under FRCP 9(b). *Id*. at 1069 (citing *Flowers v. Continental Grain Co.*, 775 F.2d 1051, 1054 (8th Cir. 1985)). The *Murr* court dismissed the plaintiff's complaint because he failed to meet those pleading standards, and thus could not maintain a RICO claim. *Id*. at 1069 - 70.

Plaintiff's Response to Defendants' Motion to Dismiss fails to address Plaintiff's failure to comply with FRCP 9, which is required pursuant to *Murr*. Plaintiff's First Amended Complaint pleads no specific facts as to any of the elements outlined in *Murr*; for example, it does not list what documents were mailed and when, who mailed which documents, or reasonable foreseeability that mail or wires would be used. Rather, Plaintiff's arguments are the bare assertions disallowed in *Ashcroft*. *See* Defs.' Mtn. to Dism. 3. In addition, Plaintiff's Response does not address her failure to plead specific violations of the RICO statute, as required by *McCracken*. *See id*. 6 -7. A RICO claim consisting of such conclusory allegations must fail, and this Court should dismiss Plaintiff's RICO claim.

//

//

REPLY - 5

Zieve Brodnax & Steele, LLP
Scott D Crawford, OSB # 086448
6100 219th St. SW, Suite 480
Mountlake Terrace, WA 98043
P:(206) 866-5345  F: (206) 374-2252
scrawford@zbslaw.com

**C. Plaintiff's civil conspiracy claim fails because she does not adequately plead fraud.**

Plaintiff attempts to buttress the deficiencies in her First Amended Complaint by arguing that she has stated a fraud claim as the basis for her civil conspiracy claim. Pls.' Resp. to Mtn. to Dism. 8 -9. However, as Defendants pointed out in their Motion to Dismiss, any civil conspiracy claim based on misrepresentation is subject to the rigorous pleading requirements of FRCP 9. Defs.' Mtn to Dism. 10. Identifying the allegations as a fraud claim does not cure Plaintiff's failure to meet FRCP 9 pleading standards.

In *Kearns v. Ford Motor Corporation*, the Ninth Circuit held that fraud allegations must be "specific enough to give defendants notice of the particular misconduct ... so that they can defend against the charge and not just deny that they have done anything wrong." 67 F.3d 1120, 1125 (9th Cir. 2008) (citing *Bly-Magee v. California*, 236 F.3d 1014, 1019 (9th Cir.2001)). *Kearns* further explained that fraud allegations must "be accompanied by 'the who, what, when, where, and how' of the misconduct charged." *Id*. (citing *Vess v. Ciba-Geigy Corp*, 317 F.3d 1097, 1106 (9th Cir. 2003)). The FRCP 9 standard is meant to (1) to provide defendants with adequate notice to allow them to defend the charge and deter plaintiffs from the filing of complaints "as a pretext for the discovery of unknown wrongs"; (2) to protect those whose reputation would be harmed as a result of being subject to fraud charges; and (3) to "prohibit [ ] plaintiff[s] from unilaterally imposing upon the court, the parties and society enormous social and economic costs absent some factual basis." *Id*. (citing *In re Stac Elecs. Sec. Litig*., 89 F.3d 1399, 1405 (9th Cir.1996).

In the present case, Plaintiff's identification of fraud does not cure the underlying deficiencies in the First Amended Complaint—namely, that she has failed to plead the underlying claim with the specificity required in *Kearns*. The overwhelming majority of the allegations of fraudulent conduct relate to defendants other than Benjamin Petiprin and Zieve

REPLY - 6

Zieve Brodnax & Steele, LLP
Scott D Crawford, OSB # 086448
6100 219th St. SW, Suite 480
Mountlake Terrace, WA 98043
P:(206) 866-5345  F: (206) 374-2252
scrawford@zbslaw.com

Brodnax and Steele, LLP . FAC ¶ 104 - 125.  The sole allegation Plaintiff makes as to Defendants is that they "formed a combination with the MetLife and Nationstar Defendants" without alleging any specific facts in support of this claim. *Id.* ¶ 105.  Plaintiff's Response offers no further clarification as to the role of each defendant in the alleged combination or conspiracy, or as to the date or method of the misrepresentations, or how she was damaged.  As a result, these facts lack the factual basis required by *Kearns*—on the contrary, they are the "threadbare recitations of the elements of a cause of action, supported by mere conclusory statements" prohibited by *Ashcroft*.  See Defs.' Mtn. to Dism. 3.  In addition, in her Response Plaintiff asserts that the right to rely, actual reliance, and ignorance of alleged falsity that support her fraud claim relate to Lane County.  Pls.' Resp. to Mtn. to Dism. 9.  Plaintiff does not have standing to assert a claim on behalf of Lane County, and thus a fraud claim based on allegations of a right to rely by Lane County must fail.  As she has failed to adequately plead the fraud claim her civil conspiracy claim relies on, Plaintiff's civil conspiracy claim should be dismissed.

## CONCLUSION

Plaintiff has failed to offer any tenable argument as to why her First Amended Complaint should not be dismissed.  Even if this matter is not moot, Plaintiff has failed to state a claim and her complaint should be dismissed on this basis.  As a result, Defendants respectfully request that this Court grant their Motion to Dismiss.

DATED this 1st day of December, 2017.

**ZIEVE BRODNAX & STEELE, LLP**

/s/ Scott D Crawford

By: Scott D Crawford, OSB #086448
Counsel for Defendants

**Zieve Brodnax & Steele, LLP**
Scott D Crawford, OSB # 086448
6100 219th St. SW, Suite 480
Mountlake Terrace, WA 98043
P:(206) 866-5345  F: (206) 374-2252
scrawford@zbslaw.com

Zieve Brodnax and Steele LLP and
Benjamin Petiprin
6100 219th St. SW, Suite 480
Mountlake Terrace, WA 98043
206-866-5345 x703
scrawford@zbslaw.com

**REPLY - 8**

**Zieve Brodnax & Steele, LLP**
Scott D Crawford, OSB # 086448
6100 219th St. SW, Suite 480
Mountlake Terrace, WA 98043
P:(206) 866-5345  F: (206) 374-2252
scrawford@zbslaw.com